UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANTOLIN ANDREWS MARKS,<br><br>   Petitioner,<br><br>   v.<br><br>A. NEIL CLARK,<br><br>   Respondent. | Case No. C07-5498RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**November 5, 2007** |

This 28 U.S.C. § 2241 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4. Petitioner is a detainee at the Northwest Detention Center. He is not challenging his confinement in the Center in this petition. Petitioner challenges his placement in Segregation and a Disciplinary hearing.

The court recommends the petition be dismissed prior to service for two reasons. First, a petition under 28 U.S.C. 2241 is designed to allow a federal inmate to challenge the execution of a sentence. Petitioner is not a federal prisoner and the statute does not apply to his circumstances. The second reason for dismissal is more complex.

REPORT AND RECOMMENDATION- 1

Petitioner challenges a disciplinary hearing and the decision to place him in administrative segregation. The rule violations were the result of petitioner swearing at a Immigration and Customs Enforcement Officer, Tom Giles. Mr. Giles was trying to address petitioner's level four grievance. Petitioner admits using profane language (Dkt. # 1, proposed petition page 5).

There is not a liberty interest in avoiding segregation per se. Smith v Noonan, 992 F.2d 987 (9th Cir. 1993). Further, the liberty interest protecting the disciplinary hearing process applies to inmates who face loss of good time. A prisoner has no federal or state protected liberty interest in due process when the sanction imposed as a result of a disciplinary proceeding neither extends the length of the sentence nor is atypical and significant in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472 (1995).

## CONCLUSION

This petition is frivolous. Accordingly, the petition should be **DISMISSED WITH PREJUDICE** prior to service.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 5, 2007**, as noted in the caption.

Dated this 9 day of October, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION- 2